**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Case No: 02-CV-274/DSD/SRN**

---

Spencer Allan Roger,

Plaintiff,

vs.

City of Oakdale,
William Sullivan (in his individual capacity
And in his official capacity as City of Oakdale
Chief of Police), Matt Arntzen (in his individual
Capacity), Jake Riley (in his individual capacity),
Rolf Hagland (in his individual capacity),
Karin LaTour (in her individual capacity), and
John Hutton (in his individual capacity),

Defendants.

**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS**

---

WHEREAS, Spencer Roger has brought a lawsuit concerning his arrest for charges including use of minors in sexual performance.

WHEREAS, the identity of said minors is classified by private or confidential data protected from dissemination pursuant to Minnesota Statutes including Minn. Stat. §626.556, subd. 11 and Minn. Stat. §13.82;

WHEREAS, the identities of the minor victims are contained in the police reports, and video and audio tapes of interviews of the minors;

WHEREAS, Plaintiff, through the defense of the criminal action has possession of said documents;

WHEREAS, the Plaintiff, for the prosecution of his civil action, and the Defendants, in the defense of Plaintiff's claim, require the use of such documents and video and audio tapes to present their respective cases;

WHEREAS, the parties, in order to protect the identity of said minors during the course of discovery of this action hereby stipulate to the following:

FILED OCT 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

1. The production of the foregoing documents and audio and video tapes shall be made on the following terms and conditions:

   a. Except to the extent that such records are otherwise classified as public data pursuant to Minn. Stat. §13.82, any documents, audio or video tapes containing reference to the identity of the above minors or their families shall be considered "Confidential Materials" under the terms of this order, and this order shall govern the examination or use of such documents.

   b. Confidential Materials and information delivered therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. The Confidential Materials shall not be disclosed to any other person unless ordered by the court hearing the action. It is expressly understood that the parties and their counsel may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action, except the defendants may utilize the confidential materials and information in any manner authorized by law, notwithstanding this Stipulation and Order.

   c. If the parties wish to use or inquire about such Confidential Materials or confidential information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated by either party as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

   d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

      i. The court (subject to the provisions of subparagraphs f and g hereof);

      ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

      iii. Court reporters employed in connection with any deposition in the action;

iv. Adjusters and appropriate representatives of the League of Minnesota Cities Insurance Trust; and

v. The parties to this lawsuit, the City of Oakdale, its employees, and attorneys.

vi. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs f and g hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the court.

g. Nothing contained in this order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any witness at either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by this order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this order.

2. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

3. Nothing herein shall be construed to effect in any way the parties rights to object to the admissibility of any document, testimony, or other evidence at trial or any other proceeding relating to this matter.

4. If plaintiff receives a subpoena or other court process that arguably calls for the production of Confidential Materials, plaintiff shall give the defendants at least ten (10) days notice before producing any such Confidential Materials.

5. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation or other legal or substantive issues raised in this litigation apart from the application of this order.

6. All persons who have seen or possessed the confidential information shall remain under continuing duty not to reveal any of said confidential information to any person or entity who is not qualified to receive it pursuant to the provisions hereof, and not to use such information except in connection with this litigation.

7. The use at trial of such evidence containing the "Confidential Materials" as defined herein shall be determined at a later date.

Dated: 10/21/02

**DESMOND LAW OFFICES, P.A.**

By: ______________________

Allen R. Desmond (A.R.158227)
Attorney for Plaintiff
Pillsbury Tower Suite 1450
200 South Sixth Street
(612) 335-9390

Dated: 10/21/02

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

By: ______________________

Joseph E. Flynn (A.R.#165712)
Attorney for Defendants
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042
(651) 290-6500

**ORDER**

Upon stipulation of the parties, the documents aforementioned are subject to the above protective order.

Dated: October 24, 2002

**BY THE COURT:**

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
   - Action/case number
   - Brief action/case title
   - Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
   - The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01